UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

MELISSA FENDLEY,
an individual,

    Plaintiff,

CASE NO:

vs.

KILGORE REALTY CO., INC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MELISSA FENDLEY ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues KILGORE REALTY CO., INC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Northern District of Alabama

1

pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, MELISSA FENDLEY (hereinafter referred to as "FENDLEY") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. FENDLEY suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and requires a wheelchair for mobility. Prior to instituting the instant action, FENDLEY visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. FENDLEY continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, KILGORE REALTY CO., INC is a corporation registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief KILGORE REALTY CO., INC (hereinafter referred to as "KILGORE") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: Parkland Shopping Center located at 689 Hwy 78 W., in Jasper, Alabama (hereinafter referred to as

the "Shopping Center") as well as the Pepito's Restaurant located within the Shopping Center, (hereinafter referred to as "Restaurant").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center and Restaurant owned by KILGORE is a place of public accommodation in that it is a retail Shopping Center and restaurant operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center and Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center and Restaurant owned by KILGORE.  Prior to the filing of this lawsuit, Plaintiff visited the Shopping Center and Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered.  In addition, Plaintiff continues to desire and intends to visit the Shopping Center and Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Shopping Center and Restaurant in violation of the ADA.  FENDLEY has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. KILGORE is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*,

the following specific violations that Plaintiff personally encountered:

### Shopping Center

(i) Most of the accessible parking spaces provided have no raised signage to designate them as such;

(ii) There are insufficient number of accessible parking spaces provided;

(iii) The accessible parking spaces are not dispersed throughout the shopping center (there are no accessible parking spaces contiguous to Pepitos, for example);

(iv) There are 3 accessible parking spaces located in front of H &R Block that have access aisles that are too narrow for a wheelchair user.

(v) The accessible parking space located in front and to the right of Guthries has a running slope that is too steep, no raised signage, and no adjacent access aisle;

(vi) The accessible parking space in front of Nails, has a cross slope that is too steep for a wheelchair user and has no raised signage;

### Pepitos Restaurant

(vii)   Both the men's and women's toilet room entry doors have no accessible signage;

(viii)  Both the men's and women's toilet room entry doors have knob type hardware that requires tight grasping, pinching and twisting of the wrist to operate;

(ix)    Both the men's and women's toilet room entry doors are too narrow for a wheelchair user;

(x)     In both the men's and women's toilet rooms there are no grab bars at the water closet;

(xi)    In both the men's and women's toilet rooms there is insufficient maneuvering clearances at the water closet and lavatories for a wheelchair user;

(xii)   In both the men's and women's toilet rooms there is no knee clearance at the lavatories for a wheelchair user;

(xiii)  In both the men's and women's toilet rooms there is insufficient clear floor space for a wheelchair user to exit the toilet rooms independently;

(xiv)   The bar is too high with no lowered section for a wheelchair user;

12. There are other current barriers to access and violations of the ADA at the Shopping Center and Restaurant owned and operated by KILGORE that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, KILGORE was required to make its Shopping Center and Restaurant, places of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, KILGORE has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities

to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against KILGORE and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 13th day of December, 2019.

Respectfully submitted,

By:   /s/ Edward I. Zwilling  
Edward I. Zwilling, Esq.

                                                AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com